OPINION
{¶ 1} Defendant-appellant, Gregory Dean Brock, appeals his convictions in the Clermont County Court of Common Pleas for nonsupport of dependents. We affirm the convictions.
 {¶ 2} Appellant is the father of Hanna Brock, born June 13, 1988. In a judgment entered April 3, 1998, appellant was ordered by the Clermont County Juvenile Court to pay child support of $100 per month. Appellant's child support obligation was later increased to $222.78 per month. Except for a short period when appellant was employed by Wendy's and his wages were subject to garnishment, he made only sporadic, partial child support payments. He failed to pay any child support from February 1, 1999 through September 25, 2002.
 {¶ 3} Appellant was subsequently indicted on multiple counts of felony nonsupport of dependents, violations of R.C.2929.21(B). The matter proceeded to trial and a jury found appellant guilty on two counts. Appellant was sentenced accordingly. He appeals the convictions, raising three assignments of error. We will address the assignments of error out of turn in order to facilitate our analysis.
 {¶ 4} In his second assignment of error, appellant argues that the trial court erred by not instructing the jury on the affirmative defense that he was unable to provide the established support.
 {¶ 5} Contrary to appellant's contention, review of the record demonstrates that the trial court provided the jury with an instruction as to this affirmative defense. In instructing the jury, the trial court stated in part, as follows:
 {¶ 6} "[T]he Defendant is asserting the affirmative defense that he was unable to provide the established support, but did provide the support that was within his ability and means. The burden of going forward with the evidence of this affirmative offense [sic], and the burden of proving the affirmative defense, are upon the Defendant. He must establish such defense by a preponderance of the evidence. * * * [Y]ou should consider all the evidence bearing upon this affirmative defense, regardless of which side produced it."
 {¶ 7} We consequently find no merit to appellant's contention and overrule the second assignment of error.
 {¶ 8} In his third assignment of error, appellant argues that his trial counsel was ineffective for failing to request a jury instruction related to the affirmative defense.
 {¶ 9} In order to demonstrate ineffective assistance of counsel, appellant must demonstrate that his counsel's actions were outside the wide range of professionally competent assistance, and that he was prejudiced as a result of counsel's actions. Strickland v. Washington (1984), 466 U.S. 668, 669,104 S.Ct. 2052. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 10} It is unclear from the record whether counsel requested a jury instruction on the affirmative defense; however, as noted above the trial court indeed provided such an instruction. Appellant consequently suffered no prejudice as a result of the alleged error, and his claim of ineffective assistance of counsel must fail. The third assignment of error is overruled.
 {¶ 11} In his first assignment of error, appellant argues "the trial court erred in finding the defendant guilty of non-support when an affirmative defense was demonstrated." Although not succinctly articulated, we construe appellant's assignment of error as challenging the manifest weight of the evidence.
 {¶ 12} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact finder's resolution of any conflicting testimony. State v. Thompkins,78 Ohio St.3d 380, 389, 1997-Ohio-52. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 13} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 14} In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 15} Appellant was charged with nonsupport, a violation of R.C. 2919.21(B), which provides that "[n]o person shall * * * fail to provide support as established by a court order to, another person whom, by court order or decree the person is legally obligated to support." The offense is elevated from a misdemeanor to a fifth-degree felony when the person fails to provide support for a total of 26 weeks out of 104 consecutive weeks. R.C. 2919.21(G)(1).
 {¶ 16} R.C. 2929.21(D) provides an affirmative defense when a person is unable to pay the established support but can provide some support within the person's "ability and means." This defense must be demonstrated by a preponderance of the evidence. R.C. 2929.21(D). However, "a lack of means alone cannot excuse lack of effort to pay child support." State v. Painter,
Ashtabula App. No. 2000-A-0093, 2002-Ohio-1436, at ¶ 39.
 {¶ 17} In the present matter, there was evidence that appellant had a child support arrearage in excess of $15,000. Testimony and documentary evidence were presented establishing that appellant failed to pay any support from February 1, 1999 to January 31, 2001, and from February 1, 2001 to September 25, 2002.
 {¶ 18} In support of his affirmative defense, appellant presented testimony that he lost his driver's license as the result of multiple DUI convictions. He had not had a valid driver's license since 1992. In 1993 he lost an eye in an altercation. He later broke his prosthetic eye in a work related accident. Appellant testified that, among other various ailments, he suffers from high blood pressure and borderline personality disorder, both of which have hindered his ability to maintain employment. From February 1999 to September 2002, appellant held six different jobs. Appellant attributed the loss of these jobs in large part to a lack of transportation and his physical ailments. Appellant's girlfriend testified that he has headaches and back problems.
 {¶ 19} Having thoroughly reviewed the record, we find that there was evidence presented, which, if believed by the jury, would support the conclusion that appellant is guilty of nonsupport, and that he failed to establish by a preponderance of the evidence that he had provided support as was within his ability and means. In resolving the conflicting evidence presented, we cannot say that the jury clearly lost its way. The jury was in the best position to determine the credibility of the testimony, and we will not second-guess this determination. The first assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.